IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTORIA TAYLOR and OLENA KALACHOVA,

    Plaintiffs,

v.

ANDREY SINKEVICH,

    Defendant.

No. 3:16-cv-01939-HZ

OPINION & ORDER

Shannon D. Sims
610 S.W. Alder, Suite 502
Portland, Oregon 97205

    Attorney for Plaintiffs

Cliff J. Wilson
SMITH FREED EBERHARD, P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, Oregon 97204

    Attorney for Defendant

/ / /

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiffs Victoria Taylor and Olena Kalachova brought this housing discrimination action against their former landlord Defendant Andrey Sinkevich.[1] The case proceeded to trial on five claims: a federal housing discrimination claim, a state housing discrimination claim, an intentional infliction of emotional distress (IIED) claim, a claim under Oregon's Landlord-Tenant Act related to the mailing of a final accounting, and a claim under Oregon's Unlawful Debt Collection Practices Act which was based on a late fee charge under the parties' rental agreement.

The case was tried to a jury on April 9 and 10, 2019. The jury found in Defendant's favor on the housing discrimination and IIED claims, and in Plaintiffs' favor on the claims related to the final accounting and the unlawful late fee. The jury awarded $2,500 to each Plaintiff on the late fee/debt collection claim, and $700 to each Plaintiff on the final accounting claim, for a total of $3,200 each. Judgment was entered April 22, 2019. The parties now both request costs and Plaintiffs move for an award of attorney's fees. I award the costs as requested and grant in part and deny in part Plaintiffs' attorney's fee motion. I award Plaintiffs $6,510 in fees.

I. Attorney's Fees

Plaintiffs seek $8,575 in attorney's fees. Plaintiffs' counsel seeks $250 per hour. He states that he billed over 80 hours on the case, but reduced that amount to 68.6 hours by removing hours spent on the dismissed Defendant and on the unsuccessful claims. Sims Decl. ¶ 8, ECF 109. 68.6 hours multiplied by $250 per hour equals $17,150. Plaintiffs' counsel then reduced that amount by one-half, making the requested amount of fees $8,575.

---

[1] Defendant Diana Parker was dismissed earlier in the case. ECF 58 (May 16, 2018 Stipulated Order of Dismissal).

Defendant objects to a fee award in any amount. Defendant argues that notwithstanding that Plaintiffs prevailed on two claims, Defendant should be considered the prevailing party in the case. Defendant notes that the housing discrimination and IIED claims were the basis for the majority of the alleged damages. The other two claims, which Defendant characterizes as "technical violations," do not represent the gravamen of the allegations made against Defendant including discrimination, intimidation, and bigotry. Given this, Defendant urges the Court to award no fees to Plaintiffs on their state statutory claims related to the late fee and the final accounting.

Defendant does not dispute that the relevant statutes authorize an award of attorney's fees for prevailing parties in the debt collection/final accounting and landlord-tenant claims. O.R.S. 90.255 (Landlord-Tenant Act allows for fees to prevailing parties in actions on a rental agreement); O.R.S. 6436.641(2) (Oregon unlawful debt collection statute allows for fees for prevailing parties). Defendant is correct that the housing discrimination and IIED claims were the main thrust of Plaintiffs' case and the basis for the majority of their requested damages. Nonetheless, Plaintiffs did prevail on these two claims and were awarded several thousand dollars each in damages. As a result, I find it appropriate to award Plaintiffs some amount of attorney's fees.

As noted above, Plaintiffs' counsel states he spent more than 80 hours on the case and then deducted time spent on the dismissed Defendant and the unsuccessful claims. However, the billing statement attached to his Declaration does not show more than 80 hours of time and includes only one entry for which he does not seek fees. The total number of hours claimed in the billing statement is 72.1. Sims Decl., Ex. A, ECF 109-1. The entry dated September 29,

2016, representing 3.5 hours of time spent researching the Fair Housing Act discrimination claim, was eliminated from the claimed time, reducing that total to 68.6 hours. While somewhat confusing, because the 68.6 hours equals the total amount on which the fee request is based, I accept that figure as the starting point for determining what is a reasonable fee award in this case.

There are several entries of time which are excessive. First, Plaintiffs seek $450, representing 1.8 hours, for their response to this Court's March 31, 2017 Order to Show Cause. *Id.*, Ex. A at 2. Plaintiffs' response to the Order, ECF 7, was a total of three paragraphs, one paragraph of which was a single sentence, and another of which was two sentences. 1.8 hours is an unreasonable amount of time to request for preparing this document. Allowing that counsel likely reviewed his case file before responding, the task should have taken no more than thirty minutes. Thus, I reduce this entry from 1.8 hours to 0.5 hours.

Next, Plaintiffs request $575, representing 2.3 hours, for the trial memorandum. *Id.*, Ex A at 3. That document was six pages long and repeated some of which had previously been asserted in the Amended Complaint and the Pretrial Order. *See* ECF 73. At that stage of the case, with the knowledge possessed by counsel only a few weeks before trial, a memorandum such as this should not have taken more than 1.5 hours. Thus, I deduct 0.8 hours from this entry.

On March 13, 2019, Plaintiffs filed an objection to Defendant's deposition designation. ECF 84. Plaintiffs seek $300, based on 1.2 hours of time, for preparing this objection. Sims Decl., Ex. A at 3. The document consists of five sentences and reasonably should have taken counsel no more than ten minutes to prepare. Thus, I reduce the requested time to 0.2 hours. Finally, on that same date, Plaintiffs filed an objection to a single trial exhibit. ECF 85. Plaintiffs seek $200, based on 0.8 hours of time, for preparing this objection. Sims Decl., Ex. A

at 4. The document consists of four short paragraphs and should reasonably have taken no more than twenty minutes to prepare. Thus, I reduce the time sought to 0.4 hours.

With these deductions, the total amount of time is reduced from 68.6 hours to 65.1. Based on a $250 per hour rate, a rate Defendant does not object to and I find to be reasonable, the adjusted total fee request is $16,275. As noted above, Plaintiffs reduced their fee request total by one-half, or fifty percent. I find the more appropriate reduction to be sixty percent. The billing statement shows the elimination of only one time entry related to the unsuccessful claims. Thus, it appears that counsel did not actually adjust the billing statement to properly account for the time spent on the dismissed Defendant and the unsuccessful claims. As a result, a reduction of more than fifty percent is appropriate. Moreover, the amount sought by Plaintiffs fails to show any appreciable reduction to account for the fact that Plaintiffs lost on their most important claims. In the end, Plaintiffs succeeded on only two claims, both of which are appropriately considered technical claims. While they received over three thousand dollars each as total damages, this amount represents at most twenty-percent of what they sought. Accordingly, I find the more appropriate reduction to be sixty percent, allowing fees of forty percent (twenty percent for each of the two successful claims) of the $16,275 adjusted total. Thus, I award Plaintiffs $6,510 in attorneys' fees.

II. Costs

    A. Plaintiffs

Plaintiffs seek $400 for the filing fee. Defendant makes no objection to this cost. For the reasons explained above, Plaintiffs are properly considered the prevailing parties on two of the Oregon statutory claims. The filing fee is allowed by 28 U.S.C. § 1920(1) and is appropriately

5 - OPINION & ORDER

awarded.

B. Defendant

Defendant seeks costs in the amount of $4,381.25. Defendant was the prevailing party on three of the five claims. $2,000 of the requested costs is for Russian-language interpreters used to assist Defendant at trial. The remainder, $2,381.25, are the costs for Plaintiffs' depositions. Plaintiffs make no objection to the requested costs. They are appropriately allowed under 28 U.S.C. §§ 1920(2), (6).

## CONCLUSION

Defendant's request for costs [107] is granted and Defendant is awarded costs in the amount of $4,381.25. Plaintiffs' motion for attorney's fees and costs [108] is granted in part and denied in part. Plaintiffs are awarded $400 in costs and $6,510 in attorney's fees.

IT IS SO ORDERED.

Dated this 12 day of June, 2019

Marco A. Hernandez
United States District Judge